IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON SNELL, | : | Civil No. 1:26-CV-0195 |
| Plaintiff, | : | |
| v. | : | (Chief Magistrate Judge Bloom) |
| STATE FARM MUTUAL AUTO. INS. CO., | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I. Introduction

The plaintiff, Jason Snell, filed this underinsured motorist action against the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), on January 28, 2026.[1] During discovery, Snell's counsel filed a motion to withdraw, informing the court that Snell refused to attend his scheduled independent medical examination ("IME") and further failed to respond to counsel's efforts to communicate with him.[2] At the same time, counsel for State Farm moved to compel Snell to attend the IME and requested an order permitting an IME to be scheduled outside of the discovery period on November 18, 2026.[3] We granted the

[1] Doc. 1.
[2] Doc. 17.
[3] Docs. 14, 16.

defendant's motion to compel Snell to attend the IME and also granted Snell's counsel's motion to withdraw.[4] In our order, we directed Snell to report to the court on or before October 23, 2026, whether he would be retaining new counsel to represent him or proceeding *pro se*.[5]

This deadline passed with no report from the plaintiff. Accordingly, given his *pro se* status, we ordered the plaintiff to file a notice with the court on or before Friday, November 13, 2026, informing the court of his intent to proceed with this matter and advising whether he will be represented or proceed *pro se*.[6] The plaintiff was placed on notice that failure to comply with this court's order may result in his case being dismissed pursuant to Federal Rule of Civil Procedure 41.[7]

This order was sent to the plaintiff at his address listed on the docket but was returned.[8] Accordingly, because the plaintiff has failed to update his address with the court and otherwise respond to court orders or prosecute this case, we will dismiss this action due to the plaintiff's failure to prosecute.

---

4 Docs. 18, 19.
5 Doc. 19.
6 Doc. 20.
7 *Id.*
8 Doc. 21.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders.[9] Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion.[10] The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[11]

In making this determination, "no single *Poulis* factor is dispositive."[12] Moreover, "not all of the *Poulis* factors need be satisfied"

---

[9] Fed. R. Civ. P. 41(b).
[10] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).
[11] *Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).
[12] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

to dismiss a complaint for failure to prosecute.[13] As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case."[14]

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to abide by court orders or contact the court in any way regarding his case.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight, since the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to

[13] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

[14] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

> "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.[15]

Here, the defendant is plainly prejudiced by the plaintiff's failure to comply with court orders or litigate this case, and we find that this factor weighs in favor of dismissal.[16]

Considering the history of dilatoriness on the plaintiff's part, dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders."[17] In the instant case, it is undisputed that the plaintiff has failed to comply with multiple court orders directing him to respond,

---

[15] *Briscoe*, 538 F.3d at 259-60.

[16] *See e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

[17] *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted).

and has failed to update the court with an address at which he may be reached.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence.[18] Here, where the plaintiff has failed to comply with our instructions directing him to act, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative.[19] Here, by entering our prior orders and advising the plaintiff of his obligations, we

[18] *Adams*, 29 F.3d at 875.
[19] *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191.

have tried lesser sanctions to no avail. Accordingly, dismissal is the only available sanction remaining.

Finally, we are cautioned to consider the meritoriousness of the plaintiff's claims. However, we find that consideration of this factor cannot save the plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant. As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed.[20] Accordingly, in our view, the untested merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims. Thus, this action will be dismissed with prejudice for the plaintiff's failure to prosecute.[21]

## III. <u>Order</u>

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT this action is DISMISSED WITH PREJUDICE pursuant to Rule

---

[20] *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373.

[21] *See e.g.*, *Underdue v. Comm'r of Soc. Sec.*, No. 13-CV-6225, 2015 WL 4113453 (D.N.J. July 8, 2015) (dismissing a social security appeal with prejudice for failure to prosecute where the plaintiff failed to file a brief or respond to court orders).

41(b) for the plaintiff's failure to prosecute. The Clerk of Court is directed to close this case.

So ordered this 18th day of November 2026.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge